UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CORREA,<br><br>      Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>      Defendant. | Case No. CV 08-5581 PJW<br><br>MEMORANDUM OPINION AND ORDER |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, it is affirmed.

Plaintiff applied for DIB and SSI on January 27, 2006. (Administrative Record ("AR") 64, 239.) The Agency initially denied the applications. (AR 43-48.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (AR 36-41.) On October 25, 2007, Plaintiff appeared with counsel at a hearing and testified. (AR 245-49, 252-64.) On November 9, 2007, the

ALJ issued a decision denying benefits. (AR 18-25.) After the Appeals Council denied Plaintiff's request for review, (AR 3-14), he commenced this action.

Plaintiff claims: 1) the ALJ's residual functional capacity assessment was not supported by substantial evidence, and 2) the ALJ did not properly evaluate his testimony. (Joint Stip. at 3-9, 11-12, 14.) For the following reasons, the Court finds that these claims do not merit remand or reversal.

In his first claim of error, Plaintiff challenges the ALJ's residual functional capacity assessment. He argues that the ALJ erred when he relied on findings by examining physician John Sedgh to conclude that Plaintiff could work. For the following reasons, this claim is rejected.

An ALJ's decision is entitled to be upheld if it is based on substantial evidence and is not founded on an incorrect application of the law. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (explaining Agency's decision must be upheld if it was supported by "substantial evidence and a correct application of the law.").

The ALJ found that Plaintiff suffered from morbid obesity, left ankle pain, hypertension, diabetes, asthma, and arthritis of the lower back. (AR 20.) Relying primarily on Dr. Sedgh's findings, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work, but could only occasionally kneel, crouch, or stoop.[1] (AR 20-22.)

---

[1] Dr. Sedgh found that Plaintiff had a limited range of motion in his lumbar spine and left ankle, but, otherwise, found that the results of a physical examination were unremarkable. (AR 144-46.)

1    Plaintiff questions whether Dr. Sedgh had reviewed all of
2 Plaintiff's medical records when he offered his opinion and argues
3 that, since it is unclear whether he did, the ALJ should not have
4 relied on the opinion.  (Joint Stip. at 3-5.)  This argument is
5 without merit.  Dr. Sedgh's report demonstrates that he reviewed the
6 medical evidence that existed at the time he prepared his report and
7 took it into consideration in formulating his opinion.  The second
8 section of the report is titled, "History of Present Illness and
9 Review of Medical Records."  (AR 143.)  In this section, Dr. Sedgh
10 noted, for example, that Plaintiff had a history of sleep apnea,
11 shortness of breath, hypertension, and "diffuse joint pain involving
12 the ankles, knees and back[,]" which Plaintiff complained was
13 exacerbated by walking and standing.  (AR 143.)  Thus, Plaintiff's
14 contention that Dr. Sedgh did not consider the medical evidence that
15 existed when he prepared his report is contradicted by the record and
16 is rejected.

17    Plaintiff points out that, after Dr. Sedgh prepared his report in
18 April 2006, and before the ALJ issued his decision in November 2007,
19 Plaintiff continued to receive treatment, which Dr. Sedgh did not
20 consider in formulating his opinion.  (Joint Stip. at 4.)  He argues

---

Dr. Sedgh concluded that, "[f]rom a functional standpoint, [Plaintiff] can lift and carry 20 pounds occasionally and [ten] pounds frequently. He can stand and walk six hours in an eight-hour day with normal breaks.  He can sit for six hours in an eight-hour day[,]" but limited him to no more than occasional kneeling, crouching, and stooping.  (AR 147.)  The ALJ adopted these findings in determining that Plaintiff could perform "light work except that he can no more than occasionally kneel, crouch, or stoop; no more than frequently climb ramps and stairs, balance, or crawl; can never climb ladders, ropes, or scaffolds; and must avoid concentrated exposure to respiratory irritants and extreme heat."  (AR 20-21, 22.)

that, because Dr. Sedgh had not considered these later records, the ALJ should not have relied on Dr. Sedgh's work. Again, the Court disagrees. Though Dr. Sedgh did not consider the records from these later medical visits in formulating his opinion, the ALJ was still entitled to rely on Dr. Sedgh's opinion in assessing Plaintiff's residual functional capacity. To begin with, the ALJ himself considered these later records in reaching his decision. Further, nothing in these later records suggests that Dr. Sedgh's opinion regarding Plaintiff's limitations, or lack thereof, was no longer valid. None of the medical professionals who treated Plaintiff after April 2006 concluded that Plaintiff had any restrictions or was unable to work. Nor did any of them limit Plaintiff's activities. Instead, they treated him for his various complaints and released him.

Plaintiff's real objection here is that he disagrees with the ALJ's finding that he has the residual functional capacity to work. He points out that he has repeatedly complained of ankle, knee and back pain that "is made worse with standing and walking"; that he has degenerative osteoarthritis of the tarsal joint of his left ankle; and that he suffers from plantar fasciitis and experiences edemas, particularly in his right leg. (Joint Stip. at 4; AR 143, 227-30, 232.) He emphasizes that he is morbidly obese, weighing 490 pounds at the time of Dr. Sedgh's examination, with a recorded height of five feet ten inches (though he gave his height as six feet two inches at the administrative hearing (AR 255)), and that he has weighed as much as 538 pounds. (AR 144, 230.) In Plaintiff's view, the ALJ's finding that he is capable of light work is not compatible with this medical evidence. (Joint Stip. at 4.) The record simply does not support his argument.

    At the time of the administrative hearing, Plaintiff was four months into a two-year program, studying graphic design. He attended classes five days a week, six-and-a-half hours a day. Presumably, he also traveled to and from school by bus or by car, which extended his day even longer. This is pretty strong evidence that Plaintiff's obesity and other ailments would not preclude him from working. Plaintiff's arguments to the contrary are overruled.

    Plaintiff argues that the ALJ "failed in his obligation to fully develop the record because he did not use a medical expert to interpret the medical evidence." (Joint Stip. at 5.) This argument is without merit. This is not a case where there were dueling medical opinions as to a claimant's condition and both were equally compelling. There was only one opinion in the record, Dr. Sedgh's. He opined that Plaintiff's conditions did not limit his ability to function. Plaintiff has not presented anything, other than argument, to call this opinion into question. He does not cite a single time where a doctor concluded that Plaintiff could not work, or an entry by a medical professional restricting Plaintiff to his house. Absent some conflict in the evidence, or some uncertainty, there was no need to call a medical expert to interpret the medical evidence in this case. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.")

    In his second claim of error, Plaintiff contends that the ALJ erred when he found that Plaintiff was not credible. Plaintiff argues that the ALJ failed to provide "specific, clear and convincing

reasons" for rejecting his testimony. (Joint Stip. at 8.) There is no merit to this claim.

ALJ's are tasked with judging the credibility of witnesses. Where, as here, a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). In making a credibility determination, the ALJ may take into account ordinary credibility evaluation techniques as well as the claimant's daily activities. *Id.* at 1284. If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff stated in a written report that he submitted to the Agency that he could not stand or walk for more than 15 minutes before his ankle started to hurt and that he stiffens up if he sits at a table for longer than 15 minutes. (AR 84.) Plaintiff also claimed that he could only walk for about a quarter of a mile before he had to rest for ten minutes. (AR 106.) Plaintiff testified that, after about five or ten minutes on his feet, his ankle started hurting. (AR 256.) He also claimed that he experienced pain in his left hip. (AR 256.)

In his decision, the ALJ found that Plaintiff's statements were not entirely credible for two reasons. (AR 22.) First, he found that Plaintiff's daily activities, including the fact that he was a full-time student attending school five days a week, six-and-a-half hours a day, suggested that he was not as limited as he claimed. (AR 23.)

This is a legitimate reason for questioning a claimant's testimony and is supported by substantial evidence in the record. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (explaining that ALJ is entitled to consider evidence that a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting" as a basis for finding that the claimant's testimony that he could not work is unbelievable). This, in and of itself, is enough to support the ALJ's credibility finding.

But the ALJ provided a second reason for finding Plaintiff not credible, i.e., his conservative medical treatment, which consisted of non-narcotic, over-the-counter analgesics. (AR 23.) This is also a legitimate reason for questioning a claimant's allegations of disabling pain, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("That [the claimant]'s pain was not severe enough to motivate her to seek [additional] forms of treatment . . . is powerful evidence regarding the extent to which she was in pain."), and is supported by substantial evidence in the record. (AR 133, 258-59.) As such, the ALJ's finding that Plaintiff was not credible is supported by substantial evidence and is affirmed.

IT IS SO ORDERED.

DATED: November 3, 2009.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\CORREA, V 5581\Memo_Opinion.wpd